IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PORCHA JOHNSON-HASSAN, | § | |
| on Behalf of Herself and on Behalf of All | § | |
| Others Similarly Situated, | § | |
| | § | |
| Plaintiff, | § | CIVIL ACTION NO. 4:19-cv-01142 |
| | § | |
| v. | § | |
| | § | |
| CHIVALRY LOGISTICS LLC and | § | |
| AMAZON.COM SERVICES, INC., | § | |
| | § | |
| Defendants. | § | |

**DEFENDANT AMAZON.COM SERVICES, INC.'S ORIGINAL ANSWER
TO PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT**

Defendant Amazon.com Services, Inc. ("Amazon") files this Original Answer to Plaintiff's Original Collective Action Complaint, as follows:

**SUMMARY**

1. Amazon denies the allegations contained in Paragraph 1 of the Complaint.

2. Amazon denies the allegations contained in Paragraph 2 of the Complaint.

3. Amazon admits only that Plaintiff purports to bring claims on behalf of herself and similarly situated Delivery Drivers. Amazon denies the remaining allegations contained in Paragraph 3 of the Complaint.

**JURISDICTION AND VENUE**

4. Amazon admits the allegations contained in Paragraph 4 of the Complaint.

5. Amazon admits venue is proper in the United States District Court for the Southern District of Texas. Amazon otherwise denies the allegations contained in Paragraph 5 of the Complaint.

## THE PARTIES

6. Amazon lacks knowledge or information sufficient to form a belief as to the location of Plaintiff Porcha Johnson-Hassan's current residence as alleged in the first sentence of Paragraph 6. Amazon denies it employed Plaintiff and, therefore, denies the allegations contained in the second sentence of Paragraph 6. Amazon admits Exhibit 1 to the Complaint purports to be a written consent signed by Plaintiff. Amazon denies the remaining allegations contained in Paragraph 6 of the Complaint.

7. Amazon admits Plaintiff purports to represent a class of similarly situated delivery drivers as defined in Paragraph 7. Amazon denies it employed Plaintiff or any other of the purported class members and denies the remaining allegations in Paragraph 7 of the Complaint.

8. Amazon lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 8 of the Complaint. As a result, Amazon denies the allegations contained in Paragraph 8 of the Complaint.

9. Amazon admits the allegations contained in Paragraph 9 of the Complaint.

10. Amazon admits it conducts business in Texas. Amazon otherwise denies the allegations contained in Paragraph 10 of the Complaint.

## FLSA COVERAGE

11. Amazon admits only that it is an enterprise within the meaning of 29 U.S.C. § 203(r). Amazon denies it employed Plaintiff and Amazon denies the remaining allegations in Paragraph 11.

12. Amazon admits only that it is engaged in commerce within the meaning of 29 U.S.C. § 203(s)(1). the FLSA, 29 U.S.C. § 203(r). Amazon denies it employed Plaintiff and

denies the remaining allegations in Paragraph 12..

13. Amazon admits the allegations contained in Paragraph 13 of the Complaint.

14. The allegations contained in Paragraph 14 of the Complaint constitute legal conclusions to which no responsive pleading is required.  To the extent a response is required, Amazon denies the allegations contained in Paragraph 14 of the Complaint.

## THE FACTS

15. Amazon denies the allegations contained in Paragraph 15 of the Complaint.

16. Amazon denies the allegations contained in Paragraph 16 of the Complaint.

17. Amazon denies it employed Plaintiff.  Amazon lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 17 of the Complaint and, therefore, denies the allegations.

18. Amazon lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 18 of the Complaint and, therefore, denies the allegations.

19. Amazon lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 19 of the Complaint and, therefore, denies the allegations.

20. Amazon denies the allegations contained in Paragraph 20 of the Complaint.

21. Amazon denies it provided Plaintiff with "her work schedule."  Amazon lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 21 of the Complaint and, therefore, denies the allegations.

22. Amazon lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 22 of the Complaint and, therefore, denies the allegations.

23. Amazon lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 23 of the Complaint and, therefore, denies the allegations.

24. Amazon denies it sent Plaintiff text message instructing her to return to its warehouse. Amazon lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 24 of the Complaint and, therefore, denies the allegations.

25. Amazon lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 25 of the Complaint and, therefore, denies the allegations.

26. Amazon lacks knowledge or information sufficient to form a belief as to the allegations contained in Paragraph 26 of the Complaint and, therefore, denies the allegations.

27. Amazon denies it employed Plaintiff. Amazon lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 27 of the Complaint and, therefore, denies the allegations.

28. Amazon denies it employed Plaintiff, determined her compensation, or adjusted her reported hours in any way. Amazon lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 28 of the Complaint. As a result, Amazon denies the remaining allegations contained in Paragraph 28 of the Complaint

## COLLECTIVE ACTION ALLEGATIONS

29. Amazon admits Plaintiff purports to bring claims on behalf of herself and others as a collective action under 29 U.S.C. § 216(b), but denies it violated any statute, denies that collective treatment is appropriate, and denies Plaintiff is entitled to any relief whatsoever.

30. Amazon denies it employed Plaintiff or maintained any pay practice or policy with respect to Plaintiff's compensation. Amazon lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 30 of the Complaint. As a result, Amazon denies the remaining allegations contained in Paragraph 30 of the Complaint.

31. Amazon lacks knowledge or information sufficient to form a belief as to the remaining allegations contained in Paragraph 31 of the Complaint.  As a result, Amazon denies the remaining allegations contained in Paragraph 31 of the Complaint.  Answering further, Amazon denies collective treatment is appropriate.

32. Amazon denies it violated any statute, denies that collective treatment is appropriate, and denies Plaintiff is entitled to any relief whatsoever.  Amazon denies the remaining allegations in Paragraph 31 of the Complaint.

33. Amazon denies the allegations contained in Paragraph 33 of the Complaint.

## CAUSES OF ACTION

34. Amazon's responses to all preceding paragraphs are incorporated by reference and reasserted here in response to Plaintiff's incorporation by reference of her allegations contained in all preceding paragraphs

35. Amazon denies it employed Plaintiff or any other unidentified "Class Members" and denies the remaining allegations contained in Paragraph 35 of the Complaint.

36. Amazon denies it employed Plaintiff or any other unidentified "Class Members" and denies the remaining the allegations contained in Paragraph 36 of the Complaint.

37. Amazon denies it employed Plaintiff or any other unidentified "Class Members" and denies the remaining the allegations contained in Paragraph 37 of the Complaint.

## JURY DEMAND

38. Amazon admits Plaintiff has requested a trial by jury.

## PRAYER

39. To the extent a response to Paragraph 39(a)-(d) is required, Amazon denies Plaintiff's claims have any merit and further deny that Plaintiff is entitled to any relief against

Amazon.

## GENERAL DENIAL

Any allegations not specifically admitted, explained, modified, or denied above are expressly denied.

## DEFENSES

Subject to and without waiving any prior objection, answers, or defenses, and without accepting the burden of proof on any element of any cause of action upon which Plaintiff would ordinarily be required to carry the burden of proof, Amazon asserts the following additional defenses:

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. Upon information and belief, the claims of potential class/collective members in this lawsuit are subject to arbitration under individual arbitration agreements.

3. Plaintiff cannot show that Amazon qualified as an "employer" or "joint employer" of her or the unnamed individuals she purports to represent as defined under the FLSA.

4. Plaintiff is not entitled to conditional or final certification or to Court-facilitated notice under 29 U.S.C. § 216(b), or to class certification under Rule 23, because Plaintiff is not similarly situated to potential class or collective action members, Plaintiff has not defined the potential class or collective action members clearly and objectively, and Plaintiff cannot adequately represent the interests of potential class or collective action members.

5. Plaintiff's claims and the claims of each of the remaining unnamed individuals Plaintiff purports to represent are barred, in whole or in part, because a collective action is not the superior method for adjudicating this dispute. An independent and individual analysis of

Plaintiff's claims and those of each of the un-named individuals Plaintiff purports to represent and each of Amazon's defenses is required.

6. Amazon maintains it is not a qualifying "employer" under the FLSA, however, in the alternative, to the extent Plaintiffs and/or any of the unnamed individuals Plaintiff purports to represent asserts claims under the FLSA for compensation outside of the applicable statute of limitations, which Amazon asserts is two years, said claims are barred.

7. Amazon maintains it is not a qualifying "employer" under the FLSA, however, in the alternative, Plaintiff cannot state a claim for overtime pay under the FLSA during any workweek in which Plaintiff worked fewer than forty (40) compensable hours.

8. Amazon maintains it is not a qualifying "employer" under the FLSA, however, in the alternative, to the extent Plaintiff was paid compensation beyond that to which she was entitled, such additional compensation would satisfy, in whole or in part, any alleged claim for unpaid overtime or other monetary relief.

9. Amazon maintains it is not a qualifying "employer" under the FLSA, however, in the alternative, to the extent that Plaintiff and/or those unnamed individuals whom they claim to represent seek compensation for activities which are preliminary and/or postliminary to principal work activities and are not integral and indispensable to those principal work activities, the time is not compensable under the FLSA.

10. Amazon maintains it is not a qualifying "employer" under the FLSA, however, in the alternative, Plaintiff and/or those unnamed individuals whom they claim to represent are barred from seeking compensation from activities that are considered non-compensable under the Portal-to-Portal Act.

11. Amazon maintains it is not a qualifying "employer" under the FLSA, however, in the alternative, to the extent that Plaintiff and/or those whom they claim to represent performed compensable work under the FLSA for *de minimis* amounts of time, such time is not compensable under the FLSA.

12. Amazon maintains it is not a qualifying "employer" under the FLSA, however, in the alternative, if Plaintiff or any others were non-exempt employees of Amazon and worked more than forty hours in a work week without overtime pay, which Amazon denies, such hours in excess of forty were without Amazon's knowledge or permission and thus were in violation of Amazon's policy.

13. Amazon maintains it is not a qualifying "employer" under the FLSA, however, in the alternative, if Amazon's failure to pay overtime was unlawful, which Amazon expressly denies, then Amazon had a good faith and reasonable belief that the failure to pay such wages was not unlawful.

14. The simultaneous recovery of liquidated damages and prejudgment interest is not available under the FLSA.

15. Amazon maintains it is not a qualifying "employer" under the FLSA, however, in the alternative, any violations of the FLSA by Amazon, which Amazon expressly denies, were not willful.

16. Amazon maintains it is not a qualifying "employer" under the FLSA, however, in the alternative, Plaintiff fails to allege facts sufficient to support an award of liquidated damages against Amazon.

Defendant reserves the right to amend this Answer and add any and all additional defenses as they become known through discovery or investigation.

**WHEREFORE**, Amazon demands that the claims raised against it in the Complaint be dismissed with prejudice, that judgment be entered in its favor, and that it recover its costs and expenses, including reasonable attorneys' fees, and such other and further relief to which it may be entitled at law or in equity or as this Court deems just and appropriate.

Date:   May 16, 2019

Respectfully submitted,

*/s/ Michael A. Correll*

Stephanie L. Sweitzer
(admission *pro hac vice* pending)
IL State Bar No. P66376
**MORGAN, LEWIS & BOCKIUS LLP**
77 West Wacker Drive, 5th Floor
Chicago, IL  60601
Tel:   312-324-1000
Fax:   312-324-1001
stephanie.sweitzer@morganlewis.com

**ATTORNEYS FOR DEFENDANT AMAZON.COM SERVICES, INC.**

Of Counsel:

Michael A. Correll
TX State Bar No. 24069537
SD Federal ID No. 1484295
**MORGAN, LEWIS & BOCKIUS LLP**
1717 Main Street, Suite 3200
Dallas, TX  75201
Tel:   214-466-4000
Fax:   214-466-4001
michael.correll@morganlewis.com

**DEFENDANT AMAZON.COM SERVICES, INC.'S ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL COLLECTIVE ACTION COMPLAINT - Page 10**

## CERTIFICATE OF SERVICE

  I hereby certify that a true and correct copy of the above and foregoing document has been served upon all counsel of record via the Court's CM/ECF System on this 16th day of May, 2019, as follows:

| | |
|---|---|
| Robert R Debes, Jr<br>Ricardo Prieto<br>Shellist Lazarz Slobin LLP<br>11 Greenway Plaza, Suite 1515<br>Houston, TX  77046<br>bdebes@eeoc.net<br>rprieto@eeoc.net<br><br>ATTORNEYS FOR PLAINTIFF | Andrea Johnson<br>Demetri Economou<br>Kane Russell Coleman Logan<br>Galleria Tower II<br>5051 Westheimer Road<br>10th Floor<br>Houston, Texas 77056<br>ajohnson@krcl.com<br>deconomou@krcl.com<br><br>ATTORNEYS FOR DEFENDANT<br>CHIVALRY LOGISTICS LLC |

               */s/ Michael A. Correll*
               Michael A. Correll